UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TERESA R. BURWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-2026-LRH-GWF |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CITY OF LAS VEGAS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is defendant City of Las Vegas's ("City") motion to dismiss the amended complaint. Doc. #12.[1] Plaintiff Teresa Burwell ("Burwell") filed an opposition (Doc. #14) to which the City replied (Doc. #16).

**I.   Facts and Background**

This action arises from a traffic stop in Las Vegas, Nevada. On January 12, 2007, Burwell was stopped for speeding by a Las Vegas City Marshal. During the stop, Burwell was placed under arrest for obstructing a police officer and resisting arrest. Burwell was charged and subsequently convicted of these charges.

On December 16, 2011, Burwell filed a civil rights complaint against the City alleging that her civil rights were violated during the stop. Doc. #1, Exhibit A. On March 5, 2012, Burwell filed an amended complaint against defendants alleging three causes of action: (1) unreasonable traffic

---

[1] Refers to the court's docket number.

stop in violation of 42 U.S.C. § 1983; (2) malicious prosecution; and (3) excessive force in violation of 42 U.S.C. § 1983. Doc. #10. Thereafter, the City filed the present motion to dismiss. Doc. #12.

**II.     Legal Standard**

The City seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2

1 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
2 (internal quotation marks omitted). The court discounts these allegations because "they do nothing
3 more than state a legal conclusion—even if that conclusion is cast in the form of a factual
4 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
5 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
6 plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. 42 U.S.C. § 1983 Claims

A civil rights claim arises under 42 U.S.C. § 1983. Section 1983 does not provide an independent statute of limitations. Rather, the forum state's statute of limitations for personal injury actions applies. *See Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989). In Nevada, personal injury actions are subject to a two year statute of limitations. NRS 11.190(4)(e).

In her first and third claims for relief, Burwell alleges that her Fourth Amendment rights were violated during the January 12, 2007 traffic stop. *See* Doc. #10. However, Burwell did not file her initial complaint until December 16, 2011, more than two (2) years after the statute of limitations period ended. Therefore, Burwell has failed to state a claim upon which relief can be granted.

#### B. Malicious Prosecution

In order to state a claim for malicious prosecution, a plaintiff must allege that the underlying charges or conviction was eventually terminated in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Here, Burwell has failed to allege that her conviction was overturned or terminated in her favor. As such, the court finds that Burwell has failed to sufficiently alleged a claim for malicious prosecution. Accordingly, the court shall grant the City's motion to dismiss.

1     IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #12) is

2 GRANTED. Plaintiff's amended complaint (Doc. #10) is DISMISSED in its entirety.

3     IT IS SO ORDERED.

4     DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE